IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LONNIE DONTAE MITCHELL        )
                                        )
      Plaintiff,               )
                                          )
      v.                          )      CASE NO. 2:22-CV-559-LSC
                                          )
                                          )
KELLY FITZGERALD PATE,        )
                                          )
      Defendant.             )

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff Lonnie Dontae Mitchell ["Mitchell"], an inmate incarcerated at the Montgomery County Detention Facility in Montgomery, Alabama, files this 42 U.S.C. § 1983 action alleging that in May, 2022, Defendant—Judge Kelly Fitzgerald Pate— violated his constitutional rights during his criminal court proceedings in *United States v. Mitchell*, Case No. 2:21-cr-344-RAH-KFP (M.D. Ala.). (Doc. 1). In June 2022, a jury found Mitchell guilty of multiple counts of sex trafficking and his sentencing is currently set on December 2, 2022. (*Id.*, at Doc. 257).

In the instant action, Mitchell filed a Motion to Modify his Complaint (Doc. 3), which this Court construes as Motion Amend his Complaint, and concludes should be granted. In his Complaint, as amended, Mitchell specifically challenges Judge Pate's rulings granting motions to dismiss counsel, which he claims delayed his right to a speedy trial and forced him into trial unprepared. As relief he asks this Court to grant him a new trial, appoint new counsel and give him the opportunity to file pretrial motions. (Docs. 1 and 3). Upon review, the court concludes

dismissal of the complaint prior to service of process is appropriate under 28 U.S.C.§ 1915(e)(2)(B).[1]

## I.  DISCUSSION

### A. Malicious Complaint

Under 28 U.S.C. § 1915(e), a court is authorized to allow indigent litigants to proceed *in forma pauperis* without paying administrative costs of proceeding with a civil or criminal action, or appeal therein.  The statute, however, protects against abuses of this privilege by allowing a district court to dismiss a case "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Similarly, under 28 U.S.C. § 1915A, courts are required, before docketing (or as soon as practicable), to "screen" the complaint.  28 U.S.C. § 1915A(a). Upon this screening, "the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b).

A complaint permitted to proceed *in forma pauperis* which merely "repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915[e)(2)(B)(i)]" as "malicious."  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (citations omitted) (finding the court did not abuse its discretion in dismissing an action as duplicative of prior litigation containing the same claims but against different defendants); *see Bagby v. Karriker*, 555 Fed. App'x. 405, 406 (5th Cir. 2014) (unpublished)(affirming the dismissal of the complaint as malicious and frivolous because it was duplicative of a prior action as the

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2)(B)(i)-(iii).

claims it raised could be fairly said to be arising from the same series of events); *Perry v. Culliver*, 2012 WL 1994917, at \*2 (S.D. Ala.) (dismissing a duplicative action as malicious when the same allegations were made but against different defendants), adopted, 2012 WL 1994914 (S.D. Ala. 2012); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). "A litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

In determining whether a dismissal is warranted, there is no specific test to follow. Rather, courts are "vested with especially broad discretion." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Courts generally look to the identity of the parties, the legal and factual claims, and the relief sought to determine if the complaint is repetitive or malicious. *See Bailey*, 846 F.2d at 1021. The complaint filed in this case relies on the same incident as a complaint previously filed by Mitchell with this court. The court has considered each aspect of Mitchell's litigation and finds this complaint repeats the claims presented in *Mitchell v. Pate, et al.*, Civil Action 2:22-CV-358-WHA-CSC (M.D. Ala. Oct 14, 2022). ["*Mitchell I*"].

In the instant action, Mitchell files a new cause of action regarding the same event and/or series of events that he presented in *Mitchell I*. He also files this action against one of the same defendants named in his earlier complaint. In his previous lawsuit, Mitchell had an opportunity to raise the issues presented in the instant action. Because the subject matter of Mitchell's instant complaint arises out of the same incident and/or repeats the same factual allegations asserted by him in *Mitchell I,* an earlier civil case, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) as duplicative and, thus, malicious. *See Bailey*, 846 F.2d at 1021. *See generally Curtis v. Citibank,*

*N.A*, 226 F.3d 133, 138 (2d Cir. 2000) ("as part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.").

## II. CONCLUSION

Accordingly, it is ORDERED as follows:

(1)  Plaintiff's Motion to Modify (Doc. 3), which this Court construes as a Motion to Amend Complaint, is GRANTED;

(2) Plaintiff's Complaint, as amended, (Docs. 1 and 3) is DISMISSED with prejudice prior to service under 28 U.S.C. § 1915(e)(2)(B)(i).

(3) No costs are taxed.

A separate Final Judgment will be entered in accordance with this order.

DONE, this 26th day of October, 2022.

        /s/   L. Scott Coogler
        L. SCOTT COOGLER
        UNITED STATES DISTRICT JUDGE